IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. BARDO,

       Plaintiff,                            No. CIV S-07-2558 WBS EFB P

   vs.

JAMES TILTON, et al.,

       Defendants.             ORDER

_____/

      Plaintiff is a state prisoner proceeding in pro per in this civil rights action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Pursuant to 28 U.S.C. § 1915(b)(1), he must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment of $17.80 is assessed pursuant to section 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

1

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. Plaintiff purports to sue Mule Creek State Prison ("MCSP") and the California Department of Corrections and Rehabilitation ("CDCR"). Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Neither states nor their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Both MCSP and the CDCR are state agencies. Thus, plaintiff cannot proceed against them under § 1983.

Plaintiff alleges that officials within the prison have violated his Fourth and Fourteenth Amendment rights by enforcing property rules that restrict the amount of property he may keep in his cell. The court construes this claim as alleging that guards have searched his cell and confiscated property. Plaintiff also alleges that defendants confiscated from his mail a nude, side-view photograph of an actress in an advertisement for People for the Ethical Treatment of Animals in violation of his First Amendment rights. Plaintiff's last claim is that unidentified defendants confiscated incoming mail containing lists of names, addresses and phone numbers of individuals, which a friend at liberty downloaded from peoplefinders.com or publicrecords.com and mailed to plaintiff. Plaintiff does not allege the purpose to which he intended to put the information on these lists.

Insofar as plaintiff attempts to make a Fourth Amendment or Due Process claim based on the confiscation of his property, he fails. Plaintiff has no Fourth Amendment right to freedom from a search of his cell, even though it may have been unreasonable. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Furthermore, an unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as here, state law provides an adequate post deprivation remedy. *Hudson*, 468 U.S. at 533; *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal. Gov't Code § 810 provides such a remedy). Neither does he succeed in

alleging facts that might entitle him to relief under the First Amendment. The First Amendment protects prisoners' rights to receive and send mail. *Crofton v. Roe*, 170 F.3d 957, 959 (9th Cir. 1999). Any limitation must reasonably relate to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987); *Bell v. Wolfish*, 441 U.S. 520, 545, 550-51 (1979). Prison security, order and discipline, and the prevention of criminal activity are legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 404, 416-17 (1989). Finally, enforcing a ban on depictions of female frontal nudity does not violate the First Amendment insofar as it seeks to maintain security, reduce sexual harassment of female guards and prevent a hostile work environment. *See Mauro v. Arpaio*, 188 F.3d 1054, 1063 (9th Cir. 1999).

Plaintiff's allegations fail to state a claim under these theories. To proceed, he must file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

      A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

      An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

1   By signing an amended complaint he certifies he has made reasonable inquiry and has
2 evidentiary support for his allegations and that for violation of this rule the court may impose
3 sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules
4 require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison
5 authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit. 15, § 3005.

6   A prisoner may bring no § 1983 action until he has exhausted such administrative
7 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
8 *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an
9 amended complaint he certifies his claims are warranted by existing law, including the law that
10 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
11 his action.

12   Accordingly, the court hereby orders that:

13   1.  Plaintiff's request to proceed *in forma pauperis* is granted.

14   2.  Plaintiff shall pay the statutory filing fee of $350 and shall make an initial payment of
15 $17.80.  All payments shall be collected in accordance with the notice to the Director of the
16 California Department of Corrections and Rehabilitation filed concurrently herewith.

17   3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an
18 original and one copy of the amended complaint, which must bear the docket number assigned to
19 this case and be titled "First Amended Complaint."  Failure to file an amended complaint will
20 result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files
21 an amended complaint stating a cognizable claim the court will proceed with service of process
22 by the United States Marshal.

23 Dated:  October 2, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE