IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. BARDO,

                        Plaintiff,

No. 2:07-cv-02558-MMM

vs.

JAMES TILTON, ET AL.,

                      Defendants.

ORDER

On November 29, 2007, Robert J. Bardo, a California prisoner incarcerated at Mule Creek State Prison, filed a civil rights action pursuant to 42 U.S.C. § 1983. [Dkt. # 1.] In accordance with the October 2, 2008 order of the magistrate judge previously assigned to this case, Bardo filed an amended complaint on November 17, 2008. [Dkt. # 5 & 10.] Bardo is proceeding *pro se* and *in forma pauperis*.

This court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the court must identify any

1  cognizable claim and dismiss any claim that is frivolous, malicious, fails to state a
2  claim upon which relief may be granted, or seeks monetary relief from a defendant
3  who is immune from such relief. *Id.* § 1915A(b).
4      Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a
5  "short and plain statement of the claim showing that the pleader is entitled to
6  relief." "To survive a motion to dismiss, a complaint must contain sufficient
7  factual matter, accepted as true, to 'state a claim to relief that is plausible on its
8  face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*
9  *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the
10 plaintiff pleads factual content that allows the court to draw the reasonable
11 inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.
12 Even after *Iqbal* and *Twombly*, "[a] document filed *pro se* is to be liberally
13 construed, and a *pro se* complaint, however inartfully pleaded, must be held to less
14 stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,
15 551 U.S. 89, 94 (2007) (*per curiam*) (internal citations and quotation marks
16 omitted).
17     Bardo first claims that the California Department of Correction and
18 Rehabilitation's ("CDCR") Authorized Personal Property Schedule ("APPS") is an
19 unenforceable "underground regulation" that is being unconstitutionally enforced

1  against him. The APPS establishes rules respecting property that a prisoner may
2  possess. An "underground regulation" is an administrative rule not promulgated in
3  compliance with the California Administrative Procedure Act, Cal. Gov't Code
4  § 11340 *et seq.* Cal. Code Regs. § 250; *Morning Star Co. v. State Bd. of*
5  *Equalization*, 38 Cal. 4th 324 (2006). The amended complaint does not specify
6  which of Bardo's property has been confiscated pursuant to the APPS. Bardo
7  therefore lacks standing to challenge enforcement of the APPS. *See Lujan v.*
8  *Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that one essential
9  element of standing is that the plaintiff must have suffered an injury in fact).
10  Bardo also alleges that there are not adequate procedures and remedies for
11  property deprivations. This allegation is baseless. "[A] negligent or intentional
12  deprivation of a prisoner's property fails to state a claim under section 1983 if the
13  state has an adequate post[-]deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813,
14  817 (9th Cir. 1994). The Ninth Circuit has concluded that "California Law provides
15  an adequate post-deprivation remedy for any property deprivations." *Id.* at 816-17
16  (citing Cal. Gov't Code §§ 810-895). Bardo does not allege or even intimate that
17  existing procedures were applied improperly to him. Bardo's claim with respect to
18  the APPS, including the procedural challenge, is dismissed.
19  Bardo second claim is that defendants violated his First and Fourteenth

Amendment rights when they confiscated from his mail an advertisement for the animal advocacy group People for the Ethical Treatment of Animals. The advertisement, according to the complaint, included a photograph of the side of a nude actress and the statement "I'd rather go naked than wear fur." At each stage of the administrative grievance process, the advertisement was deemed to include frontal nudity, and materials with frontal nudity "create a hostile work environment for staff . . . [and] are disallowed based upon penological interests and have been appropriately deemed to be contraband." The basis for the prison's action was principally Cal. Code Regs. § 3006, which bans inmate possession of contraband, including obscene and sexually explicit materials. *See id.* § 3006(c)(15) & (17).

"It is well settled that the First Amendment protects the flow of information to prisoners; any limitation must reasonably relate to a legitimate penological interest." *Crofton v. Roe*, 170 F.3d 957, 959 (9th Cir. 1999) (citing, for example, *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)). Enforcing a ban on depictions of frontal nudity does not violate the First Amendment insofar as it seeks to maintain security, reduce harassment of guards, and rehabilitate inmates. *Mauro v. Arpaio*, 188 F.3d 1054, 1063 (9th Cir. 1999) (*en banc*) (upholding Arizona jail policy banning possession of sexual explicit material against First Amendment challenge); *see also Nelson v. Woodford*, 249 Fed. Appx. 529, 530 (9th Cir. 2007)

4

(unpublished) (applying *Mauro* to Cal. Code Regs. § 3006(c)(15) & (17)).

Bardo, however, contends that the confiscated advertisement contained only side-view (non-frontal) nudity and he emphasizes the political nature of the image (animal rights advocacy). Bardo argues that the advertisement was neither obscene nor sexually explicit and therefore was confiscated in violation of the regulations and the First and Fourteenth Amendments. Viewing Bardo's allegations and description of the advertisement as true, *Iqbal*, 129 S. Ct. at 1949, the court concludes that Bardo states a cognizable claim.[1] Defendants Campbell, Garcia, Floto, Rutherford, and Clendenin shall respond to this claim.

All other defendants are dismissed from the suit because the complaint does not make any allegations connecting them to a cognizable claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Claim 1 is dismissed.

2. Service is appropriate for the following defendants Campbell, Garcia, Floto, Rutherford, and Clendenin. All other defendants are dismissed from the suit.

---

[1] A copy of the advertisement in question has not been included with the amended complaint or its attachments. The administrative grievance form attached to the complaint indicates that the advertisement was sent to Bardo's home at his expense.

2. The Clerk of the Court shall send Bardo five (5) USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed November 12, 2008.

3. Within thirty (30) days from the date of this order, Bardo shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One (1) completed summons;

    c. One (1) completed USM-285 form for each defendant listed in number 2 above; and

    d. Six (6) copies of the endorsed complaint filed November 12, 2008.

4. Bardo need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Dated: September 10, 2009

                                HON. M. MARGARET MCKEOWN
                                UNITED STATES CIRCUIT JUDGE
                                Sitting by Designation