IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. BARDO,

         Plaintiff,

vs.

JAMES TILTON, ET AL.,

         Defendants.

No. 2:07-cv-02558-MMM

<u>ORDER GRANTING
MOTION TO DISMISS</u>

     Robert J. Bardo, a California prisoner incarcerated at Mule Creek State Prison ("MCSP"), brings this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. Bardo alleges that defendant officials confiscated an advertisement for the People for the Ethical Treatment of Animals ("PETA") showing a side view of a nude actress in violation of his First and Fourteenth Amendment Rights. [Dkt. #10]. On February 9, 2010, defendants Rosanne Campbell and K. Rutherford moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [Dkt. #19].

1  In his opposition, Bardo concedes that he erroneously named Campbell, a
2  former warden of MCSP, as a defendant and that she should be dismissed from this
3  action. [Dkt. # 20 at 8]. The court therefore grants the motion to dismiss as to
4  Campbell. The court also dismisses the claims against Rutherford because Bardo's
5  amended complaint makes no allegations against Rutherford apart from a bare
6  assertion of supervisory liability.

7  Rutherford is affiliated with MCSP Investigative Services. [Dkt. #10 at 4].
8  Bardo makes no claims that Rutherford had anything to do with the confiscation of
9  the PETA advertisement beyond alleging Rutherford's involvement as a
10 "supervisory official[] who allowed these illegal acts to continue." Id. Rather, his
11 complaint only alleges specific acts on the part of defendants Garcia, Floto, and
12 Clendenin. [Dkt. #10 at 5].

13 These bare-bones allegations do not state a claim upon which relief can be
14 granted. A pleading must contain a "short and plain statement of the claim
15 showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Although
16 Rule 8 does not require detailed factual allegations, it "demands more than an
17 unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal,
18 129 S.Ct. 1937, 1949 (2009). "'[N]aked assertion[s]' devoid of 'further factual
19 enhancement'" are insufficient. Id. (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 557 (2007)).

Bardo has not alleged that Rutherford was personally involved in the confiscation of the PETA advertisement. Section 1983 does not hold supervisory officials liable based on respondeat superior or any other theory of vicarious liability. Monell v. Dep't of Social Serv.s of the City of New York, 436 U.S. 658, 691-95 (1978). Rather, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Bardo's amended complaint fails to allege any such involvement on the part of Rutherford.

In his response to the motion to dismiss, Bardo cites the denial of his administrative appeal by Rutherford. [Dkt. # 20 at 3]. Even if we were to construe this denial letter as a claim against Rutherford, Bardo has no constitutional entitlement to a prison administrative grievance process. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (rejecting inmate's due process challenge to the processing of his administrative appeal); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that "[t]here is no legitimate claim of entitlement to a grievance procedure"). Consequently, Rutherford's denial of the administrative appeal cannot serve as a basis for liability under § 1983.

1 | Bardo also filed, without permission of the court, a second opposition to the
2 | motion to dismiss. [Dkt. # 26]. Bardo is cautioned to abide by the rules, including
3 | the local rules. See Local Rule 137(c) (documents requiring leave of court).
4 | Normally the court would not consider this filing. But given Bardo's pro se status,
5 | the court reviewed the filing and construes it as a motion to amend. Nonetheless,
6 | the only basis for Rutherford's liability alleged by Bardo is supervisory liability
7 | and thus amendment would be futile. [Dkt. # 26 at 3-4].

8 | Defendant Clendenin also requests that the court stay this action against him
9 | pending disposition of this motion. [Dkt. # 19 at 1]. Given that this order disposes
10 | of the motion to dismiss, the court denies Clendenin's request as moot.

11 | **IT IS ORDERED**

12 | Defendants Campbell and Rutherford's motion to dismiss is granted with
13 | prejudice.

14 | Bardo's second opposition to the motion to dismiss is construed as a motion
15 | to amend which is denied.

16 | Defendant Clendenin's request that this action be stayed is denied as moot.

17 |

18 | Dated: March 22, 2010
19 | HON. M. MARGARET McKEOWN
20 | UNITED STATES CIRCUIT JUDGE

4

1 Sitting by Designation
2