IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. BARDO,

        Plaintiff,

vs.

JAMES TILTON, ET AL.,

        Defendants.

No. 2:07-cv-02558-MMM

<u>ORDER GRANTING
MOTION TO DISMISS</u>

    Robert J. Bardo, a California prisoner incarcerated at Mule Creek State Prison ("MCSP"), brings this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. Bardo alleges that defendant officials confiscated an advertisement for the People for the Ethical Treatment of Animals ("PETA") showing a side view of a nude actress in violation of his First and Fourteenth Amendment rights. [Dkt. #10]. On April 5, 2010, defendant K. Clendenin moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [Dkt. # 33]. The court grants the motion to dismiss

1  on the ground of qualified immunity.

2      Clendenin is a former sergeant with MCSP Investigative Services. [Dkt. #10

3  at 5]. Bardo alleges that, on February 15, 2007, he received a notice that

4  Clendenin had confiscated the PETA advertisement for being obscene. [Dkt. #10

5  at 5]. The PETA advertisement depicted the side view of actress Dominique Swain

6  standing nude in a classroom with her right breast exposed and writing the slogan,

7  "I'd rather go naked than wear fur," on a blackboard. [Dkt. 26 at Ex. F].[1]

8      "Determining whether officials are owed qualified immunity involves two

9  inquiries: (1) whether, taken in the light most favorable to the party asserting the

10  injury, the facts alleged show the officer's conduct violated a constitutional right;

11  and (2) if so, whether the right was clearly established in light of the specific

12  context of the case." al-Kidd v. Ashcroft, 580 F.3d 949, 964 (9th Cir. 2009) (citing

13  Saucier v. Katz, 533 U.S. 194, 201 (2001)). The court has "sound discretion" to

14  address these prongs in any sequence it sees fit. Pearson v. Callahan, --- U.S. ----,

15  129 S.Ct. 808, 818 (2009).

16      Even assuming that Bardo has a First Amendment right to the PETA

---

[1] Although Bardo did not submit the PETA advertisement with his amended complaint, he attached a copy of the advertisement to his objections to Defendants Campbell and Rutherford's reply in support of their motion to dismiss. [Dkt. 26 at Ex. F]. The court takes judicial notice of this document. See Fed. R. Evid. 201(b).

1   advertisement, Clendenin is entitled to qualified immunity because Bardo had no
2   clearly established right to a photograph depicting side-view nudity at the time that
3   the advertisement was confiscated. "For a constitutional right to be clearly
4   established, its contours must be sufficiently clear that a reasonable official would
5   understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730,
6   739 (2002) (internal quotation marks omitted). Any right that Bardo had to the
7   advertisement was not sufficiently clear to apprise Clendenin that his conduct was
8   unlawful.
9       Clendenin confiscated the advertisement pursuant to Title 15 of the
10  California Code of Regulations § 3006(c)(17), which bans inmates from possessing
11  "[s]exually explicit images that depict frontal nudity in the form of personal
12  photographs, drawings, magazines, or other pictorial format." The regulation goes
13  on to define "sexually explicit material" as "material that shows the frontal nudity
14  of either gender, including the exposed female breast(s) and/or the genitalia of
15  either gender." Id. § 3006(c)(17)(A). Here, although the advertisement shows
16  Dominique Swain from the side, her breast is exposed. [Dkt. 26 at Ex. F].
17      Under Ninth Circuit law at the time of the confiscation, Clendenin
18  reasonably believed that his actions pursuant to § 3006(c)(17) were permissible. In
19  Mauro v. Arpaio, the Ninth Circuit held that a similar ban on depictions of frontal

3

nudity did not violate the First Amendment as it was sufficiently related to legitimate penological interests in security, the reduction in inmate harassment of guards, and inmate rehabilitation. 188 F.3d 1054, 1059, 1063 (9th Cir. 1999) (en banc). Although Mauro did not expressly address the issue of side-view nudity, it was reasonable for Clendenin to assume that Mauro's rationale applied to the PETA advertisement as similar concerns support a ban on side-view nudity as well. Clendenin cannot be exposed to liability for the reasonable performance of his duties. See Pearson, 129 S.Ct. at 815.[2]

**IT IS ORDERED**

Defendant Clendenin's motion to dismiss is granted with prejudice.

Dated: June 25, 2010

_____
HON. M. MARGARET McKEOWN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[2] Although Bardo adverts to Clendenin's alleged "personal prejudice" and "malicious intent" in confiscating the photograph, [Dkt. 39 at 9, 10], such "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).