1
2
3
4
5
6
7
8
9
10              IN THE UNITED STATES DISTRICT COURT
11            FOR THE EASTERN DISTRICT OF CALIFORNIA
12
13   ROBERT J. BARDO,
14                                          No. 2:07-cv-02558-MMM
15             Plaintiff,
16
17       vs.
18
19   JAMES TILTON, ET AL.,
20                                          ORDER GRANTING
21             Defendants.                  MOTION TO DISMISS
22
23
24
25       Robert J. Bardo, a California prisoner incarcerated at Mule Creek State

26   Prison ("MCSP"), brings this pro se civil rights action pursuant to 42 U.S.C.

27   § 1983. Bardo alleges that defendant officials confiscated an advertisement for the

28   People for the Ethical Treatment of Animals ("PETA") showing a side view of a

29   nude actress in violation of his First and Fourteenth Amendment rights. [Dkt.

30   #10]. On March 22, 2010, defendants R. Floto and Sylvia H. Garcia moved to

31   dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to

32   state a claim upon which relief may be granted. [Dkt. # 31]. The court grants the

motion to dismiss.

Floto is an appeals examiner at MCSP, and Garcia is the former Chief Deputy Warden at MCSP. [Dkt. #10 at 5]. On February 15, 2007, Bardo received a notice that prison authorities confiscated the PETA advertisement for being obscene. The PETA advertisement depicted the side view of actress Dominique Swain standing nude in a classroom with her right breast exposed and writing the slogan, "I'd rather go naked than wear fur," on a blackboard. [Dkt. 26 at Ex. F].[1] Bardo alleges that Floto and Garcia unlawfully "[e]ndorsed" the taking of his PETA advertisement in adjudicating his administrative appeal. [Dkt. #10 at 5]. In their motion to dismiss, Floto and Garcia argue that Bardo's claim should be dismissed because Bardo lacks a "'separate constitutional entitlement to a specific prison grievance procedure.'" [Dkt. 31 at 4] (quoting Ramirez v. Garcia, 334 F.3d 850, 860 (9th Cir. 2003)).

Although Bardo's argument in opposition is less than clear, when liberally construed, it is potentially viable. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Bardo essentially argues that he does not seek to vindicate a

---

[1] Although Bardo did not submit the PETA advertisement with his amended complaint, he attached a copy of the advertisement to his objections to Defendants Campbell and Rutherford's reply in support of their motion to dismiss. [Dkt. 26 at Ex. F]. The court takes judicial notice of this document. See Fed. R. Evid. 201(b).

1  substantive entitlement to some specific grievance procedure, but rather argues that
2  Floto and Garcia are liable for failing to correct a violation of his First Amendment
3  rights that he brought to their attention through the administrative appeals process.
4  [Dkt. 34 at 4-7]. The failure to correct a constitutional violation can establish
5  liability under section 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
6  Accordingly, prison officials deciding inmate appeals must "conduct at least a
7  minimal investigation to determine whether there [is] any merit to plaintiff's
8  appeal." King v. Higgins, 702 F.2d 18, 21 (1st Cir. 1983). Bardo argues that Floto
9  and Garcia did not properly investigate or consider his appeal, but merely
10 rubber-stamped the confiscation of the PETA advertisement. Indeed, Bardo goes
11 so far as to claim that Garcia and Floto never even looked at the advertisement in
12 making their decisions. [Dkt. 34 at 6].
13     However, even assuming that Bardo has a colorable theory of liability,
14 Bardo has not alleged enough facts in his complaint to satisfy the pleading
15 standards set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Bardo's complaint
16 alleges only that Floto and Garcia "[e]ndorsed" the unconstitutional confiscation of
17 the advertisement. [Dkt. 10 at 5]. Bardo does not allege a failure to investigate or
18 consider his appeal. The bare allegation of "endorsement" is too vague and
19 conclusory to establish Floto and Garcia's liability here. See Ashcroft, 129 S.Ct. at

1    1949.

2           In addition, Bardo has not sought to amend his complaint to add factual

3    particularity, and the time for amendment as of right has expired.  Fed. R. Civ. P.

4    15(a)(1).  However, the court notes that Bardo may seek leave to amend his

5    complaint under Federal Rule of Civil Procedure 15(a)(2) if he can show that

6    "justice so requires."  As a result, the court dismisses the complaint without

7    prejudice in the event that Bardo seeks leave to amend under Rule 15(a)(2)

8    **IT IS ORDERED**

9           Defendants Floto and Garcia's motion to dismiss is granted without

10   prejudice.

11

12   Dated: June 25, 2010                    *[signature]*
13                                           HON. M. MARGARET McKEOWN
14                                           UNITED STATES CIRCUIT JUDGE
15                                           Sitting by Designation
16

17